UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                           ) Case No. _____
)
) NOTICE OF MOTION FOR RELIEF
) FROM (Check all that apply):
)    AUTOMATIC STAY IN A **CHAPTER 7/13** CASE
Debtor(s)                          )    CHAPTER **13** CODEBTOR STAY

I. YOU ARE NOTIFIED that a Motion was filed by _____, the moving party, for (Check all that apply):

    Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 USC §362.

    Relief from the stay protecting the codebtor, whose name and service address are: _____
_____,
and codebtor's property as provided by 11 USC §1301.

II. A copy of the Motion is attached. The name and service address of the moving party's attorney (or moving party, if no attorney) are:_____
_____

III. If you wish to resist the Motion, you must, within 14 days of the service date shown below, file the following with the Clerk of the U.S. Bankruptcy Court [NOTE: if you mail or have a courier deliver the Response to the Court for filing, you must mail it or initiate the delivery sufficiently before the deadline so that it will actually be received at the Court on time.]

    A. A written response that states the facts supporting the opposition to the Motion by filling in the applicable "Response" portions on a copy of the original Motion. [NOTE: If the Response will be electronically filed, the Response must be prepared using the "fillable" pdf version of the original Motion unless the Motion was filed on paper and could not be electronically obtained from the movant];

And  B. A fully completed Notice of Hearing using Local Form #721, including the date and time of the hearing. Available hearing dates and times are posted on the Court's website at www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the Court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information from a Court clerk.

IV. <u>Failure to Respond and Serve Proper Notice of Hearing</u>. If you fail to file a timely response and a proper Notice of Hearing, then either:

    A. The automatic stay will expire as to the debtor(s) pursuant to 11 USC §362(e) 30 days after the Motion was originally filed, and/or the stay protecting the codebtor will automatically expire pursuant to 11 USC §1301(d) 20 days after the date the Motion was originally filed;

Or  B. The Court may sign an ex parte order, submitted by the moving party on Local Form #720.90, granting relief from the debtor stay and/or codebtor stay.

                                       Clerk, U.S. Bankruptcy Court
                                        [NOTE: If the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; <u>OR</u> if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401.]

I certify that: (1) The Motion was prepared using the Court's "fillable" PDF version of Local Form #720.80; and (2) that on _____ I served copies of this Notice and the Motion on the Debtor(s), any codebtor at the address listed above, Trustee, U.S. Trustee, members of any committee elected pursuant to 11 USC §705, and their respective attorneys.

                                        _____
                                        Signature of Moving Party or Attorney                  **(OSB#)**

720 (12/1/13)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                            )   Case No._____
                                                 )
                                                 )   (CHECK ALL APPLICABLE BOXES)
                                                 )       Ch. 7/13 Motion for Relief from
                                                 )            ☐ DEBTOR    ☐ Chapter **13** CODEBTOR Stay
                                                 )       Filed by Creditor:
                                                 )       _____
                                                 )   *Response to Stay Motion filed by Respondent:*
Debtor(s)                                        )   _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):

    b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____; other:

    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:

       Total debt secured by collateral (total 1.b. + 1.c.):  $_____.

    d. Value of collateral: $_____.
       Equity in collateral: $_____, after deducting $_____ liquidation costs.

    e. Current monthly payment: $_____.

    f. If Chapter 13:

       (1) $_____ postpetition default consisting of (e.g., $____ payments, $____ late charges, $____ fees):

       (2) $_____ prepetition default consisting of  ☐ amounts specified in proof of claim, or, ☐ consisting of:

    g. If Chapter 7, total amount of default $_____.

***RESPONSE*** *(Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
   Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
   Lack of insurance on collateral.
   No equity in the collateral and the property is not necessary for an effective reorganization.
   Failure of debtor to make Chapter 13 plan payments.
   Failure of debtor to make payments to secured creditor required by ¶4 of Chapter 13 plan.
   Other (describe):

*RESPONSE (Specify why relief from stay should be denied.  If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

   a. Date petition filed: _____    Current Chapter: ____ (7 or 13)
      If 13, current plan date _____ Confirmed:    Yes    No
      If 13, treatment of creditor's prepetition claim(s) in plan:

      If 7, debtor   has   has not stated on Local Form (LBF) #521 or #521.05 that debtor intends to surrender the collateral.

   b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
      Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor.  The security interest was perfected as required by applicable law on _____.
      Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor.  The security interest was perfected on the certificate of title on _____.
      Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter **13**)

   a. _____, whose address is _____
      _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):    codebtor received the consideration for the claim held by creditor,    debtor's plan does not propose to pay creditor's claim in full,    creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or    because:

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

5. **Other Pertinent Information** *(To be completed by creditor, if applicable):*

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

   Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

   Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion.  (*If you check this box, you must complete ¶5 above to support this request.  If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

   Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

   Other (describe and explain cause):

*RESPONSE (Identify any disputed items and specify the pertinent facts.  If respondent agrees to some relief, attach a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Rules  & Forms/Local Bankruptcy Forms (LBF)) (to be completed by respondent):*

7. **Documents:**

   **If creditor claims to be secured in ¶3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:

   Postpetition payment history.
   Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
   Other document(s) (specific description):

CREDITOR/ATTORNEY

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller: Concept Haulers, LLC  906 Cottage Street  Shorewood, IL 60431  "We" and "us" mean the Seller above, its successors and assigns. | Buyer: Brian Clopton & Ted Bear  "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |
|---|---|---|
| No. | | |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2007 | Make Show Hauler | Model 32QSSL | VIN 4V5NC9GH77N444812 | Lic. No./Year  ☒ New ☐ Used | Other: |
|---|---|---|---|---|---|---|

Description of Trade-In

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ __158,123.00__, plus finance charges accruing on the unpaid balance at the rate of __7.74__ % per year from today's date until maturity. Finance charges accrue on a __365__ day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at __7.74__ % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.
**ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ __N/A__.

**MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ __N/A__ if you pay this Contract in full before we have earned that much in finance charges.
**DOCUMENTARY FEE:** You agree to pay a documentary fee of $ __-0-__.
**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 70,000.00 |
|---|---|---|---|---|
| 7.74 % | $ 153,188.20 | $ 158,123.00 | $ 311,311.20 | $ 381,311.20 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due Monthly Beginning |
|---|---|---|
| 240 | $1,297.13 | Monthly, beginning 6/29/06 |

**Security:** You are giving a security interest in the Motor Vehicle purchased with this Contract until paid in full.
**Late Charge:** If a payment is more than 10 days late, you will be charged 5% of the total installment if the installment is over $200, or $10 if the installment is less than $200.
**Prepayment:** If you pay off this Contract early, you will not have to pay a Minimum Finance Charge, but you will have to pay an acquisition fee.
If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint  Prem. $ _____ Term _____
**Credit Disability:** Insured _____
☐ Single ☐ Joint  Prem. $ _____ Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____ _____ _____ _____
Buyer         Date         Buyer         Date

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____ . If you get insurance from or through us you will pay $ _____ for _____ of coverage.

This premium is calculated as follows:
☐ $ _____ Deductible, Collision Coverage  $ _____
☐ $ _____ Deductible, Comprehensive Cov.  $ _____
☐ Fire-Theft and Combined Additional Coverage  $ _____
☐ _____  $ _____

**Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.**
☐ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ _____ for _____ of coverage.
☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____ . This Service Contract will be in effect for _____ .

### ITEMIZATION OF AMOUNT FINANCED
Vehicle Price (incl. sales tax of $ __-0-__ ) $ __228,123.00__
Service Contract, Paid to: _____  * $ __0__
                         Cash Price $ __228,123.00__
Manufacturer's Rebate  $ __0__
Cash Down Payment  $ __70,000.00__
Deferred Down Payment  $ __0__
  a. Total Cash/Rebate Down  $ __70,000.00__
  b. Trade-In Allowance  $ __0__
  c. Less: Amount owing  $ __0__
     Paid to: _____
  d. Net Trade-In (b. minus c.)  $ __-0-__
  e. Net Cash/Trade-In (a. plus d.)  $ __70,000.00__
Down Payment (e.; disclose as $0 if negative) $ __70,000.00__
      Unpaid Balance of Cash Price $ __158,123.00__
Paid to Public Officials - Filing Fees  $ __0__
Insurance Premiums*  $ __0__
Amount to Finance line e. (if e. is negative)  $ __0__
Additional Finance Charge(s), Paid to Seller  $ __0__
Documentary Fee Paid To Seller _____  $ __0__
To: _____  $ __0__
To: _____  $ __0__
To: _____  $ __0__
To: _____  $ __0__
Total Other Charges/Amounts Pd. to Others  $ __0__
       Less: **Prepaid Finance Charges**  $ __0__
               **Amount Financed** $ __158,123.00__
*We may retain or receive a portion of this amount.

**CO-BUYER:** A Co-Buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the Vehicle or (2) is a parent or spouse of the Buyer, or (3) will be listed as an owner on the Vehicle's title. By signing below, (1) you confirm that you will actually receive possession of the Vehicle or will use it, or that you are a parent or spouse of the Buyer, or that you will be listed as an owner on the Vehicle's title; (2) you agree to be primarily obligated under this Contract; and (3) you consent to the Seller having a security interest in the Vehicle.
**ABOUT YOUR ANNUAL PERCENTAGE RATE OF FINANCE CHARGE:** The Seller may set the Annual Percentage Rate. You and the Seller may negotiate the Annual Percentage Rate. The Seller may retain the right to receive a portion of the Finance Charge if the Seller assigns this Contract.
**NOTICE TO THE BUYER:** (1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the agreement you sign. (3) Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.
**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS RETAIL INSTALLMENT CONTRACT.**

Buyer:
Signature /s/ Brian Clopton      6-7-06
                          Date
Signature /s/ Ted D. Bear      6-7-06
                          Date
Seller: By /s/ Davon Billie, agent

**ASSIGNMENT:** By signing below, the Seller/Creditor accepts this Contract and for value received transfers and assigns all of its right, title, and interest in this Contract and the Property to Assignee selected below. This transfer is made pursuant to and is subject to a separate Agreement between Seller and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Seller.
ASSIGNEE:
☐ **GE Money Bank,** c/o 332 Minnesota Street, St. Paul, MN 55101; 800-950-1233
☒ **GEMB Lending Inc.,** c/o 3355 Michelson Dr., Second Floor, Irvine, CA 92612  800-404-2647
Seller: By /s/ Davon Billie, agent  Date 6/6/06

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not entitle you to default in the future. You agree to pay a $25.00 acquisition fee if you prepay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed or affixed to the Vehicle. We may insert the identifying number or marks of the Property and the due date of the first installment if the Property is delivered after you sign this Contract. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
  A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
  B. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
  C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
  D. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
  E. You will pay all taxes and assessments on the Property as they become due.
  F. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace. You will allow us to retain a copy of the keys to the Property.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
  A. You fail to perform any obligation that you have undertaken in this Contract.
  B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs and reasonable attorneys' fees as permitted by a court of law, that we incur to collect or enforce this Contract, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, subject to any right to cure that you may exercise, we have all of the remedies provided by law and this Contract:
  A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
  B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
  C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
  D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
  E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

**COLLATERAL PROTECTION INSURANCE NOTICE:** Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the premiums for that insurance, including interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The premiums may be added to your total outstanding balance or obligation. The premiums may be more than the premiums for insurance you may be able to obtain on your own.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
  A. You must pay this Contract even if someone else has also signed it.
  B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
  C. We may release any security and you will still be obligated to pay this Contract.
  D. If we give up any of our rights, it will not affect your duty to pay this Contract.
  E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due, subject to the limitations described in the REMEDIES section.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

Signature _____  Date _____

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

**DOCUMENTARY FEE.** A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 1992, WAS $40. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $40 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

**ABOUT YOUR ANNUAL PERCENTAGE RATE OF FINANCE CHARGE:** If you enter into a retail installment contract, the Seller may set the Annual Percentage Rate. You and the Seller may negotiate the Annual Percentage Rate. The Seller may retain the right to receive a portion of the Finance Charge if the Seller assigns the Contract.

**NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM.**
**(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY.**
**(2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.**

---

**ARBITRATION. Please read this carefully.** Subject to the exceptions discussed below, any legal dispute or claim of any kind that relates in any way to your credit application, this Contract or your relationship with us or any assignee of this Contract will be resolved by binding arbitration if either you or we elect to arbitrate. The following describes the arbitration procedure, and its implications:

• If either of us elects to arbitrate, you or we must notify the other parties. You must do this by sending notice to *Legal Operations, 332 Minnesota St., Suite 600, St. Paul, MN 55101*. Notice can be given after a lawsuit has been filed, in which case it can be made in papers in the lawsuit.

• The person who starts the arbitration proceeding must choose an administrator, which can be either the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com (800) 474-2371; or the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org (800) 778-7879. The actual arbitrator will be selected under the administrator's rules, and must be a lawyer with at least ten years of experience.

• The arbitrator must follow the applicable law as if this matter had been brought in court as long as it is consistent with the Federal Arbitration Act, 9 U.S.C. §§1 *et seq* ("FAA"), this arbitration provision and the Administrator's rules. The arbitrator is authorized to award any and all remedies that would apply if the action were in a court (including, without limitation, punitive damages, which shall be governed by the constitutional standards employed by the U.S. Supreme Court).

• The arbitration will take place in a location reasonably convenient to you. If you ask us, we will pay all filing, administrative, hearing and/or other fees the Administrator or arbitrator charges up to $2,500. If the cost is higher, you can ask us to pay more and we will consider your request in good faith. Under all circumstances we will pay all amounts we are required to pay under applicable law.

• These terms involve interstate commerce and this arbitration provision is governed by the FAA.

• A court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except for: (1) any appeal right under the FAA; and (2) any party may appeal decisions relating to claims of more than $100,000 to a three-arbitrator panel appointed by the Administrator, which will reconsider any aspect of the appealed award. If you appeal, we will consider in good faith a request by you for us to pay you or all additional fees imposed by the Administrator or arbitrator.

**IMPORTANT LIMITATIONS AND RESTRICTIONS: If a claim goes to arbitration, neither of us will have the right to: (1) have a court or a jury decide the claim; (2) engage in discovery (i.e., the right to obtain information from the other party) to the same extent that you or we could in court; (3) participate in a class action in court or in arbitration, either as a class representative or a class member; (4) act as a private attorney general in court or in arbitration; or (5) join or consolidate your claim(s) with claims of any other person. The right to appeal is more limited in arbitration than in court. Other rights that you would have if you went to court may also not be available in arbitration. Only a court may determine the validity and effect of the parts 3, 4 and 5 of this paragraph. If a court should hold such part(s) to be invalid, then the entire provision shall be null and void. However, this will not limit the right to appeal such holding.**

**Exceptions to this Provision:** This provision is subject to two exceptions: (1) certain claims are excluded, and (2) you may reject this provision in its entirety in which case no claims are subject to arbitration.

**Claims Not Subject to Arbitration:** The following claims are excluded from this provision: (1) claims brought in a small claims court or its equivalent, unless that claim is transferred, removed, or appealed to a different court; and (2) claims seeking to enforce our security interest in the Property secured by this Contract. The institution and maintenance of any action in court shall not constitute a waiver of the right of any party to compel arbitration regarding any other claim subject to arbitration, including the filing of a counterclaim in a suit brought by us.

**Right to Reject Arbitration:** You may reject this arbitration provision, in which event neither you nor we will have the right to require arbitration. Rejection will not affect any other aspect of these terms. To reject the arbitration provision, you must send us a notice that we receive within 60 days after you opened your account. The notice must include your name, address, and account number and be mailed to Arbitration Opt Out, P.O. Box 981429, El Paso, TX 79998-1429. In the event of any dispute concerning whether you have provided a timely notice, you must provide a signed receipt. This is the only method you can use to reject the arbitration provision. If the notice is sent on your behalf by a third party, such third party must include evidence of his or her authority to submit the notice on your behalf.

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: 8565139

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
|  | 0618100726 | 063006 | N/N |  |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2007 | SHOHA | MH |  | 4V5NC9GH77N444812 |  |

OWNER/LESSEE

ODOMETER READING: 462
ODOMETER DATE: 05/30/06
ODOMETER MESSAGE:

CLOPTON LEASING LLC

**TITLE BRANDS**
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

SHWD

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, **one registered owner must sign and date here**, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST) X
DATE

To release interest in the vehicle, complete the reassignment on back of the title.

SECURITY INTEREST HOLDER/LESSOR

GEMB LENDING INC
PO BOX 57082
IRVINE CA  92619

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST      DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST      DATE
X

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID WITHOUT LINKED-DIAMOND WATERMARK

735-410 (4-06)        4V5NC9GH77N444812    0618100726    C
2641 001 12 V5 T2 03 S8 M3 P5 E0 M0 34